## PUBLIC HEALTH ORDER ALLOWING EXEMPTIONS FROM FACIAL COVERINGS AND PREVENTING QUARANTINING OF ASYMPTOMATIC INDIVIDUALS

Pursuant to C.R.S. §§ 25-1-506 and 508, the Douglas County Health Department ("DCHD") hereby issues this countywide Public Health Order: allowing certain individuals to be exempted from requirements to wear a Face Covering within Douglas County and making it impermissible in most cases to quarantine an individual within Douglas County due to actual, suspected or potential exposure related to COVID-19 if the individual is asymptomatic. The goal and purpose of this Order is to ensure that efforts to control and slow the spread of the SARSCoV-2 virus (the SARSCoV-2 and the disease resulting therefrom shall be referred to herein as "COVID-19") are calibrated to produce the greatest health benefit to the people targeted by such efforts and to the entire Douglas County community.

WHEREAS according to Colorado law, the Douglas County Health Department is, as of September 30, 2021, the proper health department with jurisdiction to issue health orders for Douglas County; and

WHEREAS, vaccination rates for COVID-19 are high in Douglas County and severity metrics in Douglas County, including deaths and hospitalizations are extremely low, especially for persons under the age of 18; and

WHEREAS as of September 30, 2021, all prior County wide local health orders for Douglas County residents are deemed null and void, to include the August 31, 2021 Order by the Tri-County Health Department ("Tri-County") regarding the masking of children ages 2-18 while at school; and

WHEREAS, to date, Tri-County maintains the authority to exercise its judgment for disease control and prevention within Douglas County on a case specific basis pursuant to the Intergovernmental Agreement between the Douglas County and Tri-County established on September 28, 2021 ("IGA"); and

WHEREAS, consistent with the terms of the IGA, this Board is empowered to issue County wide health orders that may inform Tri-County's options in the exercise of its authority within Douglas County; and

WHEREAS the overall physical and mental health of every child should drive consideration of COVID-19 mitigation measures and that all available and credible COVID-19 data and guidance should be relied upon to this end; and

WHEREAS, the Colorado Department of Education website provides that "Schools and districts should work directly with their local public health agency and the Colorado Department of Health and Environment (CDPHE) for guidance on COVID-19" and this Board is concerned about the growing mental and emotional health issues for our school aged children; and

WHEREAS on May 14 of this year Governor Polis ended the mask mandate in Colorado and stating it is the policy of the State of Colorado that the decision whether to wear a mask or not should be left to parents and students, "[w]here we have come out is that you absolutely can wear a mask, even if you live in a district that doesn't require it. It's a decision that is a good decision, and one that students should make, particularly if they are unvaccinated."; and

WHEREAS studies are inconclusive regarding the effectiveness of masking, study conducted by the Centers for Disease Control conducted in the State of Georgia found that while there may be a benefit to teachers

**EXHIBIT 1**

from wearing masks but that, "... the 21% lower incidence in schools that required masks use among students was not statistically significant compared with schools where mask use was optional. This finding might be attributed to higher effectiveness of masks among adults, who are at higher risk for SARS-CoV-2 infection but might also result from differences in mask wearing behavior among students in schools with optional requirements."; and

WHEREAS Professor Vinay Prasad, a professor of epidemiology and biostatistics has performed a literature search and found, "[n]o scientific consensus exists about the wisdom of mandatory-masking rules for schoolchildren."; and

WHEREAS based upon the American Academy of Pediatrics data shows that cases per 100,000 between states with mask mandates, no mask mandates and prohibition on mask mandates are inconclusive; and

WHEREAS the management of public-school property is the exclusive jurisdiction of the Douglas County School Board and they have proper jurisdiction to determine whether masks are required on school property; and

WHEREAS, there is insufficient data to suggest that schools and childcare facilities – including those that do not require students to be masked – are significant drivers of community transmission of COVID-19; and

WHEREAS, data continues to show that school-aged children experience low hospitalization rates when infected by COVID-19, as evidenced, the 14-Day Average Rolling Daily Rate of COVID-19 Hospitalization Rates per 100,000 by Age Group for the under 18 age group that has remained well below 1 for the entirety of the COVID-19 pandemic significantly lower than all other age groups; and

WHEREAS, teachers and staff of schools and childcare facilities in Douglas County are either vaccinated or have had ample opportunity to be vaccinated or to devise special accommodations for those who may not be able to be vaccinated; and

WHEREAS, according to the United States Centers for Disease Control and Prevention ("CDC"), COVID-19 continues to not pose an exceptional health risk to school aged children which is evidenced by, as of September 29, 2021, the CDC showing that 478 children under the age of 18 have died with COVID-19 over the last 19 months which translate into a yearly rate of 302 individuals per year, and the CDC showing the average number of deaths each year from flu among individuals under the age of 18 over the last ten flu seasons is 452; and

WHEREAS, while close contact with large groups of non-household members for extended periods of time indoors, conditions inherent to childcare and school settings, may lead to some level of transmission of COVID-19 in these settings, it is observed that the (1) risk to the health of children is low, even for those not yet eligible to receive the COVID-19 vaccine, (2) risk of transmission from infected children, staff, or teachers to family and others outside of the childcare and school settings, is low, and (3) attempting to use children as a shield against spread in the community by masking or ineffectually quarantining asymptomatic children will pose greater mental health risks to a much larger number of children resulting in a far more negative overall impact to the community; and

WHEREAS some studies have shown that the masking of students provides statistically insignificant additional protection from COVID-19 infection and others have indicated that it may cause unnecessary

negative impacts for otherwise healthy children (hypoxia, fatigue, and various symptoms related to Mask Induced Exhaustion Syndrome) such that a universal mask requirement for all school-aged children is contrary to their overall health and wellbeing; and

WHEREAS on May 25, 2021 the Children's Hospital of Colorado declared a state of emergency for youth mental health with suicide becoming the leading cause of child death in the state and a major spike in reports of major mental illnesses among children beyond crisis levels and overwhelming facilities and organizations tasked with serving them; and

WHEREAS this Board respects the unique circumstances of each family, that parents are almost always best suited to make health decisions for their children, individuals for themselves, and that current circumstances do not warrant compelled masking or quarantines both of which may be more detrimental to a larger number of people;

NOW THEREFORE, the DCHD Board of Health Orders as follows:

**ORDER**

A. Pursuant to the statutory authority granted to the Douglas County Health Department (DCHD), and at the authorization and direction of the Douglas County Board of Health, the following is ordered countywide:

   1. Unless required by other state or federal mandate, certain individuals shall be exempt from any requirement to wear a Face Covering within Douglas County, if an individual aged 18 or older represents to any person or entity charged with enforcing and/or supervising such a requirement to wear a Face Covering, or in the case of a child a written declaration signed by the parent or guardian of the child, requesting to be exempted from the requirement to wear a Face Covering due to the negative impact on that individual's physical and/or mental health.

   2. No individual in Douglas County, regardless of age, shall be required to quarantine because of exposure to a known COVID-19 positive case unless the exposure is associated with a known Outbreak or otherwise required by superseding state or federal mandate.

   3. Any individual required to quarantine in Douglas County shall have the quarantine lifted after a minimum of seven days from exposure, if after five days from exposure they have a negative test result obtained no later than 48 hours before the end of the quarantine, and no quarantine shall last longer than two weeks after exposure.

   4. State and Tri-County guidelines encouraging masks be required are not to be interpreted as compelling any school district, individual school, or daycare in Douglas County to mandate mask wearing on their premises, though such entities may elect to make such a requirement within their legal discretion subject to the exemption provided in this Order.

   5. All other disease control measures instituted by Tri-County in its exercise of disease control and prevention services issued upon a case-by-case basis in Douglas County will remain in effect and be undisturbed by this Order.

B. **Definitions:**

1. **Face Covering** means any covering made of any material that covers the nose and/or mouth and/or surrounding areas of the lower face.

2. **Outbreak** shall have the meanings defined by the CDPHE guidelines, as may be amended in the future, for a confirmed outbreak in a school setting defined as of the time of this Order as: "Five or more cases of COVID-19, of which at least one case has had a positive molecular amplification test or antigen test performed by a CLIA-certified provider, among students/teachers/staff from separate households with onset within 14 days in a single classroom/activity or other close contact in the school setting (including transportation to- from- school and affiliated events)."

3. **Child/Children** shall mean anyone under the age of 18, and those who are not legally under the care of another.

C. **Exceptions.** This Order shall not apply to any individual subject to a requirement to wear a Face Covering or order where the instituting of the requirement is/was not in any way connected to the COVID-19 pandemic, including connected to the issuance of this order.

D. **Scope.** Nothing in this order shall be construed to deny an individual the right to wear a Face Covering as they reasonably see fit. Nothing in the order shall be construed to grant an exemption to federal or state issued requirements to wear Face Coverings.

E. **Sample Exemption Language.** The following is exemplary language that may be used when claiming an exemption under this order for a child:

1. I _____, the parent of _____, have made the determination that the wearing of a facial covering results in a net negative impact on the physical and/or mental health of my child and therefore claim an exemption for my child to any requirement to wear a face covering.

2. Such a statement shall be signed and dated by the individual making the claim to the exemption.

F. **Americans with Disabilities Act.** The requirements of this Order shall be applied in a manner consistent with the Americans with Disabilities Act (42 U.S.C. § 12101 et seq.), Title VII of the Americans with Disabilities Act (42 U.S.C. § 2000e et seq.), the Colorado Anti-Discrimination Act (C.R.S. §24-34-401 et seq.), and any other applicable federal or State law.

G. **Signage Requirements.** In the case where a sign must be posted regarding a requirement to wear a face covering, such a sign shall also include, or be accompanied by an additional sign with, language stating the requirement excludes those exempted under DCHD Public Health Orders.

H. **Refusal of Service.** No facility subject to this Order may refuse permission for an individual who has presented the claim to exemption as described herein to enter or remain within their indoor space due to the individual not wearing a Face Covering.

I. **Reasonable Accommodations.** DCHD recommends that schools and childcare facilities review the State of Colorado's Civil Rights Guidance.

## OTHER PUBLIC HEALTH ORDERS RELATED TO COVID-19

This Order is intended to be and shall be read and construed in concert with and as a supplement and addition to all federal, state, and local laws and orders related to COVID-19.

## ADVISEMENT AND ADDITIONAL INFORMATION

Along with CDPHE, DCHD is tasked with protecting the health, safety, and welfare of the citizens of Douglas County as it relates to epidemic and communicable diseases, including COVID-19. This Order is necessary to maintain the overall health of Douglas County citizens with the effort to control transmission of COVID-19 and to maintain consistent healthcare capacity in DCHD's jurisdiction. Immediate issuance of this Order is necessary for the preservation of public health, safety, and welfare.

If you have questions regarding this Order, or to report suspected violations of this Order please contact DCHD at 303-660-7401, BOH@douglas.co.us, or visit DCHD's website at https://www.douglas.co.us/public-health-services/. Please do not call 911 to report violations of this public health order.

DCHD will attempt to seek voluntary compliance through education, technical assistance and warning notices. However, this Order may be enforced by any appropriate legal means. It is unlawful for any person to willfully violate, disobey, or disregard this Order. Any person who does so may be subject to the penalties provided in C.R.S. §§25-1-516 and 18-1.3-501. In addition, if you do not comply with this Order, DCHD may seek a court order in Colorado state district court to enforce this Order and/or to restrain or enjoin any violation of this Order.

Any person aggrieved and affected by this Order is entitled to Colorado state district court judicial review of this Order pursuant to and in accordance with C.R.S. §25-1-515. However, the aggrieved and affected person must continue to comply with the terms of this Order while his, her, or its request for judicial review is pending.

If any part or provision of this Order or the application thereof to any person or circumstance is held to be invalid, the remainder of this Order, including the application of such part or provision to other persons or circumstances, shall not be affected and shall continue in full force and effect. To this end, the parts and provisions of this Order are severable.

This Order shall take effect on Saturday, October 9, 2021, at 12:01 AM and shall remain in effect until December 31, 2022, at 11:59 PM unless extended, rescinded or amended in writing by DCHD. DCHD will monitor and evaluate COVID-19 data and community conditions on a daily basis while this Order is in effect.

DONE AND SIGNED, as the official Order of the Douglas County Health Department on this 8th day of October, 2021 under the authorization and direction of the TCHD Board of Health.

DOUGLAS COUNTY HEALTH DEPARTMENT

By: Doug Benevento
President, Douglas County Board of Health

By: Commissioner Lora Thomas
Vice-President, Douglas County Board of Health

By: Commissioner George Teal
Douglas County Board of Health

By: Dr. Linda Fielding
Douglas County Board of Health

By: Kim Muramoto
Douglas County Board of Health