**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 21-cv-02818

DOUGLAS COUNTY SCHOOL DISTRICT RE-1,
C.B., by and through his parent and next friend, E.B.,
A.R., by and through his parent and next friend, L.R.,
J.G., by and through his parent and next friend, K.G.,
B.A., by and through her parent and next friend, J.A.,
M.M., by and through her parent and next friend, K.M.,
D.B., by and through his parent and next friend, J.B.,
R.P., by and through her parent and next friend, B.H.,
D.W., by and through his parent and next friend, G.W.,
A.L., by and through his guardian and next friend, C.L.

Plaintiffs,

v.

DOUGLAS COUNTY DEPARTMENT OF PUBLIC HEALTH,
DOUGLAS COUNTY BOARD OF HEALTH

Defendants.

---

**Motion for Individually-Named Plaintiffs to Proceed Under Pseudonyms**

---

The individually-named Plaintiffs in this action, through undersigned counsel, request that the Court allow them and their next friends, *i.e.* their parents and legal guardians, to proceed in this action under pseudonyms in order to protect themselves against the risk of retaliation and harassment by community members for exercising their legal rights in this suit.

This action seeks a declaration that Defendants' recently enacted public health order (the "Public Health Order" or "Order") violates and is preempted by federal law, namely Title II of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act of 1973, and to immediately enjoin enforcement of that Order. This Order prohibits the School District from being

able to require face coverings (i.e., masks) in schools and limits the District's ability to quarantine individuals exposed to COVID-19.

Plaintiffs' request for immediate injunctive relief does not take place in a vacuum. The propriety of mask mandates in schools and elsewhere is an issue of intense public interest and has become a political and ideological flashpoint. Douglas County is a community of mixed political and ideological leanings, and there are strong feelings regarding masks on all sides of the issue. Plaintiffs believe that, given the strong reactions this suit is likely to arouse among some members of the Douglas County School District community, both the minor Plaintiffs and their parents are likely to be harassed or otherwise retaliated against for bringing this action. Further, the Plaintiffs are concerned that, if they are not allowed to proceed using only their initials, members of the community may readily identify Plaintiffs, each of whom are children with disabilities whose medical background is central to this case; thus, there is the added risk that personal medical or educational information about the Plaintiffs may become public if Plaintiffs are not allowed to proceed under pseudonym. For these reasons, Plaintiffs are asking this Court to grant this motion and allow them and their next friends to proceed under pseudonym by their initials only.

## LEGAL STANDARDS

"Proceeding by pseudonym in federal court is, by all accounts, an unusual procedure." *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000) (citing *M.M. v. Zavaras*, 139 F.3d 798, 800 (10th Cir. 1998)). The Tenth Circuit has historically looked to the Eleventh Circuit's jurisprudence regarding whether a plaintiff should be allowed to proceed anonymously. *See Femedeer*, 227 F.3d at 1246 (citing *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992)); *M.M.*, 139 F.3d at 802-03 (same). The Eleventh Circuit has enumerated three contexts in which a pseudonym

is appropriate: (1) "matters of a highly sensitive and personal nature"; (2) cases involving a "real danger of physical harm"; and (3) instances "where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity." *Id.* The court also must "weigh the public interest in determining whether some form of anonymity is warranted." *Femedeer*, 227 F.3d at 1246.

In *M.M.*, a female inmate brought suit against the Colorado Department of Corrections ("CDOC") arising from allegations that a correctional officer declined to facilitate the inmate's transportation to and payment for abortion services. 139 F.3d at 799. The district court denied the inmate's request to proceed anonymously on the bases that the case presented issues of public policy ("expenditure of public funds") and because the identity of the plaintiff would have been known in any event to her jailers. *Id.* at 800. The district court found "that whatever interest in privacy is claimed on behalf of the plaintiff, the numerous countervailing public interests clearly and decisively outweigh it[,]" and the Tenth Circuit ultimately affirmed its decision. *Id.*

In *Femedeer*, the Tenth Circuit again denied a plaintiff's request to proceed anonymously. 227 F.3d at 1246–47. Because the plaintiff in *Femedeer* was a convicted sex offender, the court determined that the public's interest in access to legal proceedings that attack "the constitutionality of popularly enacted legislation" outweighed the plaintiff's privacy concerns. *Id.* Notably, the court believed that the disclosure of the plaintiff's status as a sex offender had "presumably already occurred in the underlying conviction" and, therefore, he failed to "establish real, imminent personal danger." *Id.*

Since *Femedeer*, however, two judges in the District of Colorado have applied the *Femedeer* analysis to reach the opposite conclusion. *See Roe v. Cath. Health Initiatives Colorado*,

No. 11-CV-02179-WYD-KMT, 2012 WL 12840, at *5 (D. Colo. Jan. 4, 2012); *Does I–V. Rodriguez*, Nos. 06–cv–00805–LTB & 06–mc–0017–LTB, 2007 WL 684114, at * 1 (D. Colo. Mar. 2, 2007). In the first of these cases, *Does I-V v. Rodriquez*, Judge Babcock granted a motion to proceed anonymously submitted by five plaintiffs, who at the time were Mexican nationals who had been "virtually imprisoned" by the defendants at a farm labor compound in Colorado. *Id.* Although the defendants had been deported to Mexico some months prior, the defendants' son remained in Colorado, and counsel for the plaintiffs had heard defendants' family members making "threatening comments" related to the plaintiffs. *Id.* at *2. Judge Babcock found that cumulatively, the investigation, presence of the son, overheard threats, and civil allegations of coercion and violence "raise[d] a serious concern that the plaintiffs ... [were] at significant risk of retaliation." *Id.* He thus granted the request to proceed anonymously.

In *Roe v. Cath. Health Initiatives Colorado*, the plaintiff brought a discrimination claim pursuant to the ADA, alleging that the defendant unlawfully required her to undergo medical examinations and medical inquiries that forced Plaintiff to disclose confidential medical information that the defendant would not have otherwise known about. 2012 WL 128420, at *4. Judge Tafoya ultimately granted the request, stating that "the court primarily is concerned with Plaintiff's argument that, if she is forced to litigate her privacy claims under her own name, she would be required to publicly disclose the confidential medical information allegedly unlawfully gathered by the defendant." *Id.* at *5. The defendant argued that it and the court would be burdened if the plaintiff were allowed to proceed under a fictious name, but the court rejected this argument, noting that the burden to others is not a factor when considering whether a plaintiff should be allowed to proceed anonymously. *Id.* Rather, "'[t]he ultimate test for permitting a plaintiff to

4

proceed anonymously is whether the plaintiff has a substantial privacy right which outweighs the 'customary and constitutionally-embedded presumption of openness in judicial proceedings.'" *Id.* (quoting *Doe v. Heil*, No. 08–cv–02342–WYD–CBS, 2008 WL 4889550, at *2 (D. Colo. Nov. 13, 2008) (quoting *Frank*, 951 F.2d at 323)).

## ARGUMENT

Here, the individual Plaintiffs should be permitted to proceed anonymously because the case involves "matters of a highly sensitive and personal nature" and may likely result in retaliation and harassment against the Plaintiffs should their association with this matter be made publicly available. *See M.M.,* 139 F.3d at 802-03.

The individual plaintiffs in this matter are parents bringing claims on behalf of their children with disabilities. The nature of their disabilities is sensitive medical information and therefore confidential. While the Plaintiff School District knows this information—because it serves these children based on their needs and consistent with state and federal law—it is *not* public information, nor are Defendants privy to it outside the context of the instant matter. Thus, this case is readily distinguishable from *M.M.*, which involved an incarcerated plaintiff who had no legitimate claim to privacy from her jailers (139 F.3d at 800), and *Femedeer*, which involved a convicted sex offender, whose status as such had presumably already been disclosed in the underlying conviction (227 F.3d at 1246-47).

Rather, the facts of this case are more akin to *Roe v. Cath. Health Initiatives Colorado*, where the plaintiff's ADA discrimination claim required disclosure of sensitive medical information which had allegedly been improperly collected by the defendant. 2012 WL 12840, at

5

\* 4-5. Plaintiffs should not be required to share their disabilities with the world in order to bring a suit advocating for their rights under the ADA.

In addition to the risk that protected health information will be disclosed, there is a very real risk that the individual Plaintiffs and their parents will face retaliation in the community if their role in this litigation is made public. As noted at the outset, whether or not Douglas County School District should be allowed to require universal masking in its schools is a matter of intense public debate in the community. There are many District families that feel strongly no such mandate should exist, and there is a real possibility that the children of these families (and perhaps their parents) will harass and bully Plaintiffs or their parents for bringing this suit.

As such, Plaintiffs have a "substantial privacy right which outweighs the 'customary and constitutionally-embedded presumption of openness in judicial proceedings.'" *Id.* at \*5. Therefore, the Court should grant this instant motion and allow the individual Plaintiffs to proceed in the action under fictitious names.

Respectfully submitted this 20th day of October 2021.

> *s/John F. Peters*
> Elliott V. Hood, Esq.
> John F. Peters, Esq.
> CAPLAN AND EARNEST LLC
> 3107 Iris Avenue, Suite 100
> Boulder, Colorado 80301
> 303-443-8010
> ehood@celaw.com; jpeters@celaw.com
> Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

      I hereby certify that on Tuesday, October 20, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system. Immediately upon filing, the foregoing will also be served along with the Complaint as well as any exhibits or related documents filed concurrently with the Complaint, and Motion for Temporary Restraining Order and Preliminary Injunction to all Defendants.

                                                                              *s/Shelley McKinstry*
                                                                              Shelley McKinstry, Paralegal