IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-02818-JLK

DOUGLAS COUNTY SCHOOL DISTRICT RE-1,
C.B., by and through his parent and next friend, E.B.,
A.R., by and through his parent and next friend, L.R.,
J.G., by and through his parent and next friend, K.G.,
B.A., by and through her parent and next friend, J.A.,
M.M., by and through her parent and next friend, K.M.,
D.B., by and through his parent and next friend, J.B.,
R.P., by and through her parent and next friend, B.H.,
D.W., by and through his parent and next friend, G.W.,
A.L., by and through his guardian and next friend, C.L.,

    Plaintiffs,

v.

DOUGLAS COUNTY DEPARTMENT OF PUBLIC HEALTH,
DOUGLAS COUNTY BOARD OF HEALTH,

    Defendants.

---

### ORDER ON MOTION TO PROCEED UNDER PSEUDONYMS (ECF NO. 5)

---

On October 20, 2021, plaintiff Douglas County School District RE-1 ("DCSD" or the "School District") and nine students of the School District, by and through their parent or guardian, filed a Complaint seeking declaratory and injunctive relief for violation of their civil rights under the Americans with Disabilities Act and Section 504 of the Rehabilitation Act of 1973 through defendants Douglas County department of Public  recently enacted public health order. On the same day, the individually named plaintiffs filed a Motion for Individually Named Plaintiffs to Proceed Under Pseudonyms (ECF No. 5).

In their Motion, plaintiffs aptly acknowledge my denial of similar relief in *M.M. v. Zavaras*, 939 F. Supp. 799, 801 (D. Colo. 1996) ("The issue of pseudonymity requires

weighing the scales between the public's interest and the rights to privacy advanced by the movant."). In that case, I denied use of a pseudonym on the grounds that the plaintiff's name, as a convicted felon, was already public knowledge. Such is not the case here. This case concerns children, and most of the information about them is protected medical data. I see no justifiable reason to require disclosure of their names, particularly because the case concerns "matters of a highly sensitive and personal nature." *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000) (quoting *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992). Such disclosure is certainly not necessary to decide the case. As adjunctive support for the protection of the children, I also find it appropriate to allow the parents and guardian of the individually named plaintiffs to proceed in pseudonym.

Accordingly, the Motion to Proceed Under Pseudonym (ECF No. 5) is GRANTED.

DATED this 21st day of October, 2021.

_____
JOHN L. KANE
SENIOR U.S. DISTRICT JUDGE