## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-02818-JLK

DOUGLAS COUNTY SCHOOL DISTRICT RE-1,
C.B., by and through his parent and next friend, E.B.,
A.R., by and through his parent and next friend, L.R.,
J.G., by and through his parent and next friend, K.G.,
B.A., by and through her parent and next friend, J.A.,
M.M., by and through her parent and next friend, K.M.,
D.B., by and through his parent and next friend, J.B.,
R.P., by and through her parent and next friend, B.H.,
D.W., by and through his parent and next friend, G.W.,
A.L., by and through his guardian and next friend, C.L.,

Plaintiffs,

v.

DOUGLAS COUNTY DEPARTMENT OF PUBLIC HEALTH,
DOUGLAS COUNTY BOARD OF HEALTH,

Defendants.

---

## DECLARATION OF ELLIOTT V. HOOD

---

I, Elliott V. Hood, state as follows:

1.      I am over the age of 18 years.

2.      I am competent to make the following declaration, I have personal knowledge of the facts set forth in this declaration, and these facts are true and correct.

3.      I am co-counsel of record for all plaintiffs named above.

4.      I submit this affidavit in support of Plaintiff Douglas County School District RE-1's Motion for Attorney's Fees seeking attorney fees and costs incurred by Plaintiff Douglas County School District RE-1 pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12205,

EXHIBIT
2

and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794a. The following is certain information that may assist the Court in deciding the motion.

5.     I graduated with honors from the University of Colorado at Boulder in 2004 and *magna cum laude* from Northwestern University Pritzker School of Law in 2012. I was admitted to the Colorado bar in 2012 and am in good standing in all courts of the State of Colorado, the United States District Court for the District of Colorado, and the United States Court of Appeals for the Tenth Circuit.

6.     After graduating from law school, I served as a judicial clerk for Judge A. Bruce Jones on the Colorado District Court, Second Judicial District (Denver District Court), and then as a judicial clerk for Judge Robert E. Bacharach on the United States Court of Appeals for the Tenth Circuit. After my Tenth Circuit clerkship, I became an associate attorney at Wheeler Trigg O'Donnell, a civil-litigation firm located in Denver, Colorado, where I handled a variety of complex civil litigation matters on behalf of individuals and companies across the country in state and federal courts. I joined the firm of Caplan and Earnest LLC in 2017 as an associate in the litigation and school law practice groups.

7.     At Caplan and Earnest, I represent public entities and employees (mostly for public school districts in Colorado) in a wide variety of complex civil litigation matters, including disputes involving employment, civil rights, disability and accommodation, charter schools, torts, student discipline, and constitutional claims. Some of the substantive areas of my practice include claims under the First and Fourteenth Amendments to the U.S. Constitution, 42 U.S.C. § 1983, Title IX, 20 U.S.C. § 1681 et seq., the Americans with Disabilities Act (ADA), Section 504 of the Rehabilitation Act of 1973, and all forms of civil rights and constitutional claims.

8.      I also have a strong appellate practice and often appear on behalf of clients in civil and administrative appeals before the Colorado Court of Appeals, Tenth Circuit Court of Appeals, and the Colorado State Board of Education.

9.      I have been selected to the Super Lawyers Rising Stars List® in the field of Schools and Education for 2021 and 2022.

10.     I also serve on the governing board of the Colorado Bar Association CLE Board, the non-profit education arm of the CBA that exists to provide high-quality and relevant continuing legal education programming to Colorado lawyers.

11.     I have successfully defended numerous federal civil rights claims for public entities and employees during my career. My role as legal counsel includes advocacy, objective evaluation of the merits of claims, and advice and counsel to clients about managing litigation risks. I routinely advise risk managers, insurance adjusters, in-house counsel, and public officials and employees. In my experience, most cases settle or resolve by dispositive motion. Examples of civil-rights cases I have successfully defended include: *Neer v. Park County School Dist. Re-2*, 19-cv-02053-RBJ (summary judgment granted in favor of defendant and judgment entered March 26, 2021); *Jane Doe v. Brighton School Dist.27J,* 19-cv-0950-WJM-NRN (summary judgment granted in favor of defendants and judgment entered on September 21, 2021). I currently represent public entities and employees in active litigation involving federal civil rights claims, including in *Robert R. and Julie R. v. Jefferson County School Dist. R-1*, 1:20-cv-01558-CMA-NRN (defendant's summary judgment motion pending).

12.     I, along with my co-counsel, Jack Peters, filed this action on behalf of the Douglas County School District RE-1 and nine minor students with disabilities putting them at greater risk

of contracting COVID-19 or suffering severe illness if they contract COVID-19. The District and individual plaintiffs filed this action to enjoin enforcement of Defendants' October 8, 2021 Public Health Order, which illegally prevented the School District from complying with its obligations under Section 504 of the Rehabilitation Act and the ADA and put the individual plaintiffs at risk of immediate and irreparable harm from COVID-19. By agreement, the School District was responsible for paying all legal fees and costs associated with the prosecution of this lawsuit on the Plaintiffs' collective behalf.

13.     As lead counsel on this case, I reviewed our firm's time records encompassing the time involved and the costs expended in this matter. I attest that they are accurate accountings of the work performed on the dates indicated, and that the time recorded is accurate. The attached fee petition reflects time billed after the exercise of professional billing judgment. Because most of the litigation I handle is on the defense side and funded by insurance carriers, my bills are routinely reviewed for reasonableness and to ensure conformance with insurance billing guidelines. This experience informs the professional billing judgment I have applied to the time records here. The petition does not reflect all the time spent on the case but reflects the time spent for which a client would reasonably be billed. I have taken great care to reduce time spent to time that is billable under the principles of civil-rights fee shifting statutes. I have also reviewed the costs billed in this case and the U.S. District Court Hearing Officer's Guide to Bills of Costs. The costs requested by Plaintiff are necessary and reasonable and are all costs that are regularly billed to our clients.

14.     In exercising professional billing judgment, I reduced the overall time spent by Caplan and Earnest LLC on the case in several areas. First, I reduced time spent by more junior associates Travis Miller and Anne Stuller, both of whom provided valuable research, feedback,

and initial drafts related to pertinent filings, where, in my professional judgment, the tasks could have been accomplished more quickly by a more experienced attorney or where I or my co-counsel, Jack Peters, significantly revised Mr. Miller or Ms. Stuller's work to avoid duplication of work. I deleted entirely Mr. Miller's time for appearing at the two-day TRO hearing. Further, we billed Mr. Miller at $120 per hour for this matter in October, when most of his work on this matter was accomplished, as most of his work pre-dated his admission to the Colorado bar. Mr. Miller charged $120 per hour as a law clerk for our firm, and we simply kept him at his law clerk rate until November for consistency and as a courtesy to the client. I also reduced several hours spent by paralegal Shelley McKinstry as a courtesy discount to the client.

15.     The time records I have submitted include time for me and other attorneys from our law firm and a paralegal who assisted on this case: Elliott Hood, Esq. ($205); Jack Peters, Esq. ($205); Elizabeth Friel, Esq. ($230); Anne Stuller, Esq. ($205); Travis Miller, Esq. ($120 & $205); and Shelley McKinstry ($125). Mr. Peters, Ms. Stuller, Ms. Friel, and Mr. Miller are submitting their own affidavits in support of Plaintiffs' Motion for Attorneys' Fees. Ms. McKinstry is an experienced litigation paralegal with over 25 years of paralegal experience. She has a Paralegal Certificate from Colorado State University, an A.A.S. Legal Secretarial Degree from Aims Community College (Greeley, Colorado), and has a N.A.L.S. Certified Professional Legal Secretary Accreditation. Ms. McKinstry has worked for Caplan and Earnest LLC for nearly seven years and, in that time, has very capably assisted with all aspects of civil litigation, including in civil rights matters. Ms. McKinstry assisted with all aspects of this matter, including preparing pleadings and exhibits, creating and managing electronic and paper files, conducting legal research, and preparing for the TRO hearing.

16.     All civil rights cases present complexities, but this matter was more complex than the typical civil rights case. For one, it involved the application of existing disability-related civil-rights laws to a novel and dynamic fact-pattern around the COVID-19 pandemic, something only a handful of courts have addressed, and even then, only within the past six months. Given the context of this case, the complaint and motion for immediate injunctive relief required extensive legal and scientific research, and obtaining relevant and reliable expert testimony to address the novel issues in this case was, while ultimately fruitful, more challenging than is typical. Further, every other case raising similar claims has been filed by parents against public agencies, including school districts. Here, of course, the School District filed suit alongside nine of its students. Thus, the District itself was a plaintiff, creating a unique dynamic among the parties and requiring the District itself to plead facts—which it did—supporting its own standing to file suit. Defendants raised the issue of standing and administrative exhaustion in their response to Plaintiffs' motion for injunctive relief, which required time to research and prepare argument on those defenses. Beyond its legal complexities, this case was publicly reported and continually covered in the press and involved issues such as masking that are political flashpoints garnering significant attention from the public during an election year. Given this, my co-counsel and I dedicated significant time providing legal advice to our clients concerning the messaging around this lawsuit to ensure that any information reported about this matter was accurate and legally sound.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed on this 3rd day of December 2021.

_____

Elliott V. Hood

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 21-cv-02818-JLK

DOUGLAS COUNTY SCHOOL DISTRICT RE-1,
C.B., by and through his parent and next friend, E.B.,
A.R., by and through his parent and next friend, L.R.,
J.G., by and through his parent and next friend, K.G.,
B.A., by and through her parent and next friend, J.A.,
M.M., by and through her parent and next friend, K.M.,
D.B., by and through his parent and next friend, J.B.,
R.P., by and through her parent and next friend, B.H.,
D.W., by and through his parent and next friend, G.W.,
A.L., by and through his guardian and next friend, C.L.

Plaintiffs,

v.

DOUGLAS COUNTY DEPARTMENT OF PUBLIC HEALTH,
DOUGLAS COUNTY BOARD OF HEALTH,

Defendants.

---

**DECLARATION OF JOHN F. PETERS**

---

I, John F. Peters, state as follows:

1.      I am over the age of 18 years.

2.      I am competent to make the following declaration, I have personal knowledge of the facts set forth in this declaration, and these facts are true and correct.

3.      I am also known, and referred to, as Jack Peters.

4.      I am co-counsel of record for all plaintiffs named above.

5.      I submit this declaration in support of Plaintiff Douglas County School District RE-1's Motion for Attorney's Fees seeking attorney fees and costs incurred by Plaintiff Douglas

1

County School District RE-1 pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12205, and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794a. The following is certain information that may assist the Court in deciding the motion.

6.      I graduated from the University of Chicago in 2004 with an AB in Classics and *magna cum laude* from Vermont Law School in 2011, where I graduated in the top 5% of my class and was articles editor for the Vermont Journal of Environmental Law. I was admitted to the Colorado bar in 2012 and am in good standing in all courts of the State of Colorado, the United States District Court for the District of Colorado, and the United States Court of Appeals for the Tenth Circuit.

7.      After graduating from law school, I worked as a deputy district attorney in the Twentieth Judicial District of Colorado from 2012 to 2019. In that role, I tried over fifty cases to juries, ranging from one-day to multi-week trials. I also appeared for and argued a large number contested evidentiary hearings regarding suppression of evidence, post-conviction motions, and civil forfeitures, among other types of hearings. I handled the Office's civil and appellate work and successfully defended numerous convictions on appeal and from post-conviction motions. Following the reversal of one conviction, I successfully petitioned the Colorado Supreme Court for certiorari and obtained reversal of the lower court judgment, after personally handling the oral argument and most of the briefing. *See People v. Penn*, 2016 CO 32.

8.      After leaving the District Attorney's Office, I became an associate attorney at Hall & Evans, a civil-litigation firm located in Denver, Colorado, where I handled a variety of complex civil litigation matters on behalf of individuals, businesses, and public entities in state and federal courts. My practice included a wide variety of areas, such as business disputes, malpractice, and

personal injury, but my primary focus was on federal civil rights litigation, including 42 U.S.C. § 1983 claims under the First, Fourth, Fifth, Eighth, and Fourteenth Amendments, claims under the Americans with Disabilities Act (ADA) and Section 504 of the Rehabilitation Act of 1973, and employment discrimination claims. I also handled appeals to the Colorado Court of Appeals and to the Tenth Circuit. Particularly relevant to this matter, I defended a public entity in a class action civil rights lawsuit and preliminary injunction hearing before Chief Judge Brimmer in 2020, regarding the correctional response to COVID-19 required under the Eighth Amendment, one of the first cases in Colorado to address civil rights issues related to COVID-19. *See Carranza v. Reams*, —F.Supp.3d—, 2020 WL 2320174 (D. Colo. May 11, 2020).

9.      I joined the firm of Caplan and Earnest LLC in 2021 as an associate in the school law practice group. At Caplan and Earnest, my practice focuses primarily on the representation of public school districts in a wide variety of contested matters, including civil litigation, special education disputes, civil rights complaints, disability and accommodation issues, and student discipline hearings.

10.      I, along with my co-counsel, Elliott Hood, filed this action on behalf of the Douglas County School District RE-1 and nine minor students with disabilities putting them at greater risk of contracting COVID-19 or suffering severe illness if they contract COVID-19. The District and individual plaintiffs filed this action to enjoin enforcement of Defendants' October 8, 2021 Public Health Order, which illegally prevented the School District from complying with its obligations under Section 504 of the Rehabilitation Act and the ADA and put the individual plaintiffs at risk of immediate and irreparable harm from COVID-19. By agreement, the School District was

3

responsible for paying all legal fees and costs associated with the prosecution of this lawsuit on the Plaintiffs' collective behalf.

11.     All civil rights cases present complexities, but this matter was more complex than the typical civil rights case. For one, it involved the application of existing disability-related civil-rights laws to a novel and dynamic fact-pattern around the COVID-19 pandemic, something only a handful of courts have addressed, and even then, only within the past six months. Given the context of this case, the complaint and motion for immediate injunctive relief required extensive legal and scientific research, and obtaining relevant and reliable expert testimony to address the novel issues in this case was, while ultimately fruitful, more challenging than is typical. Further, every other case raising similar claims has been filed by parents against public agencies, including school districts. Here, of course, the School District filed suit alongside nine of its students. Thus, the District itself was a plaintiff, creating a unique dynamic among the parties and requiring the District itself to plead facts—which it did—supporting its own standing to file suit. Defendants raised the issue of standing and administrative exhaustion in their response to Plaintiffs' motion for injunctive relief, which required time to research and prepare argument on those defenses. Beyond its legal complexities, this case was publicly reported and continually covered in the press and involved issues such as masking that are political flashpoints garnering significant attention from the public during an election year. Given this, my co-counsel and I dedicated significant time providing legal advice to our clients concerning the messaging around this lawsuit to ensure that any information reported about this matter was accurate and legally sound.

12.     Finally, I applied my significant trial, courtroom, appellate, and litigation experience to analyze what claims to bring in this matter, draft pleadings, and to develop strategy

for the most effective presentation of evidence at the temporary restraining order hearing, to select and prepare expert and lay witnesses, and to analyze and develop topics for cross examination. This, and my co-counsel's own litigation and courtroom experience, allowed us to quickly and effectively prepare pleadings and prepare for the evidentiary hearing that was held less than a week after we filed the complaint and motion for temporary restraining order in this matter, and less than two-and-a-half weeks after the defendants issued the Public Health Order.

13.     The total billable amount sought in attorney's fees for my time on this matter is $32,144.00. This number is the result of my billable rate for this matter of $205 per hour multiplied by the 156.8 hours of my work the School District seeks to recover. This does not represent all of the time I actually billed on this matter, as some time has already been reduced or written off in the bill tendered to the School District.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed on this 3rd day of December 2021.

John F. Peters

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 21-cv-02818-JLK

DOUGLAS COUNTY SCHOOL DISTRICT RE-1,
C.B., by and through his parent and next friend, E.B.,
A.R., by and through his parent and next friend, L.R.,
J.G., by and through his parent and next friend, K.G.,
B.A., by and through her parent and next friend, J.A.,
M.M., by and through her parent and next friend, K.M.,
D.B., by and through his parent and next friend, J.B.,
R.P., by and through her parent and next friend, B.H.,
D.W., by and through his parent and next friend, G.W.,
A.L., by and through his guardian and next friend, C.L.

Plaintiffs,

v.

DOUGLAS COUNTY DEPARTMENT OF PUBLIC HEALTH,
DOUGLAS COUNTY BOARD OF HEALTH,

Defendants.

---

**DECLARATION OF ELIZABETH R. FRIEL**

---

I, Elizabeth R. Friel, state as follows:

1.      I am over the age of 18 years.

2.      I am competent to make the following declaration, I have personal knowledge of the facts set forth in this declaration, and these facts are true and correct.

3.      I submit this affidavit in support of Plaintiff Douglas County School District RE-1's Motion for Attorney's Fees seeking attorney fees and costs incurred by Plaintiff Douglas County School District RE-1 pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12205,

1

and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794a. The following is certain information that may assist the Court in deciding the motion.

4.      I graduated *magna cum laude* from the University of Notre Dame in 2006 and graduated from Boston University School of Law in 2010. I was admitted to the Colorado bar in 2010 and am in good standing in all courts of the State of Colorado, the United States District Court for the District of Colorado, and the United States Court of Appeals for the Tenth Circuit.

5.      After graduating from law school, I served as a staff attorney at the Colorado Association of School Boards, providing legal resources and training for locally elected boards of education throughout the State of Colorado. I joined the firm of Caplan and Earnest LLC in 2015 as an associate in the school law practice group.

6.      At Caplan and Earnest, I represent public school districts in Colorado and Boards of Cooperative Educational Services, and my legal practice focuses almost exclusively on matters relating to students with disabilities, including disputes involving civil rights, disability and accommodation, educational services, safety and behavior supports, and student discipline. The substantive areas of my practice include claims under the Americans with Disabilities Act (ADA), Section 504 of the Rehabilitation Act of 1973, and the Individuals with Disabilities Education Act (IDEA).

7.      My role as legal counsel includes providing professional development for educators and administrators and providing advice and counsel to local educational agencies relating to regulatory compliance, resolution strategies, objective evaluation of the merits of claims, and managing litigation risks. I routinely advise in-house counsel and public officials and employees regarding matters involving the provision of accommodations and related aids and services for

students with disabilities. In my experience, most cases are resolved by the parties or conclude with agency action through the Colorado Department of Education or the United States Department of Education Office for Civil Rights.

8.      I have capably defended numerous disability-related matters at the Colorado Office of Administrative Courts. I have also defended two IDEA actions for judicial review of administrative decisions, including an action where attorney's fees were at issue, in the Federal District Court of Colorado.

9.      I attest that the time records encompassing the time I worked on this matter are accurate accountings of the work performed on the dates indicated, and that the time recorded is accurate. The petition does not reflect all the time I spent on the case but reflects the time I spent for which a client would reasonably be billed. In addition, the time records submitted reflect a rate of $230, which has been discounted from my regular hourly rate of $250 for matters related to students with disabilities. The costs for such work are necessary and reasonable and are all costs that are regularly billed to our clients.

10.     The time records reflect that my work on this matter primarily involved the application of my experience with 1) relevant legal authorities, 2) nuanced differences between requirements of the IDEA and Section 504 relating to educational programming for Plaintiff students with disabilities, 3) common positions and arguments advanced by traditional plaintiffs in disability-related disputes, and 4) local educational agencies' procedures relating to the implementation of Section 504 and the ADA, including procedures adopted in response to the COVID-19 pandemic.

3

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief. Executed on this 3rd day of December 2021.

_Elizabeth R. Friel_

_____

Elizabeth R. Friel

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.  21-cv-02818-JLK

DOUGLAS COUNTY SCHOOL DISTRICT RE-1,
C.B., by and through his parent and next friend, E.B.,
A.R., by and through his parent and next friend, L.R.,
J.G., by and through his parent and next friend, K.G.,
B.A., by and through her parent and next friend, J.A.,
M.M., by and through her parent and next friend, K.M.,
D.B., by and through his parent and next friend, J.B.,
R.P., by and through her parent and next friend, B.H.,
D.W., by and through his parent and next friend, G.W.,
A.L., by and through his guardian and next friend, C.L.

Plaintiffs,

v.

DOUGLAS COUNTY DEPARTMENT OF PUBLIC HEALTH,
DOUGLAS COUNTY BOARD OF HEALTH,

Defendants.

---

**DECLARATION OF ANNE L. STULLER**

---

Anne L. Stuller, being over the age of 21 years old and duly sworn, deposes and states as follows:

1.      This affidavit is submitted in support of Plaintiff Douglas County School District RE-1's Motion for Attorneys' Fees in the above-captioned matter.

2.      I am an associate attorney with the firm of Caplan and Earnest LLC, located in Boulder, Colorado, counsel for Plaintiffs in the above-captioned action, and I have personal knowledge of the matters stated herein. I joined Caplan and Earnest in April 2020.

3.      I earned my bachelor's degree from the University of Colorado. I earned my law degree from the University of Oregon in 2019.

1

4.      I was admitted to practice law in the State of Colorado in 2019.

5.      Prior to joining Caplan and Earnest as an associate attorney in April 2020, I worked as an associate attorney at Jackson Lewis PC.

6.      As an associate attorney at Caplan and Earnest, LLC, I work primarily on defense-side of civil claims and assist school districts on general counsel matters.

7.      In October 2021, Kristen Edgar and Elliott Hood asked me to assist them with this lawsuit. I performed a variety of tasks related to this matter, including conducting legal and factual research and drafting pleadings.

8.      My hourly billing rate in this matter is $205.00 per hour. Based upon my background, expertise, skills, and experience, I believe my hourly rate of $205.00 per hour is reasonable, and I believe it to be lower than what other junior associates in the Denver-Boulder area would charge per hour to defend a civil rights case in federal court.

9.      I have examined my record of hours expended and unbilled fees incurred that are related to this litigation. Documentation supporting these hours and fees is attached as **Exhibit 1** to the School District's Motion for Attorney's Fees.

10.      I believe that my fees and expenses incurred as counsel in this matter are fair, reasonable, and commensurate with the work required to successfully procure a Temporary Restraining Order for our clients.

11.      I am requesting that the Court award attorney's fees for the entirety of my work in this matter, which, as reflected in Exhibit 1, total $4,776.50.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 3rd day of December 2021.

_____
Anne L. Stuller

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-02818-JLK

DOUGLAS COUNTY SCHOOL DISTRICT RE-1,
C.B., by and through his parent and next friend, E.B.,
A.R., by and through his parent and next friend, L.R.,
J.G., by and through his parent and next friend, K.G.,
B.A., by and through her parent and next friend, J.A.,
M.M., by and through her parent and next friend, K.M.,
D.B., by and through his parent and next friend, J.B.,
R.P., by and through her parent and next friend, B.H.,
D.W., by and through his parent and next friend, G.W.,
A.L., by and through his guardian and next friend, C.L.

Plaintiffs,

v.

DOUGLAS COUNTY DEPARTMENT OF PUBLIC HEALTH,
DOUGLAS COUNTY BOARD OF HEALTH,

Defendants.

---

## DECLARATION OF TRAVIS J. MILLER

---

I, Travis J. Miller, state as follows:

1.       My name is Travis Miller, and I am over the age of eighteen years. I am competent to make the following declaration, and I have personal knowledge of the facts set forth in this declaration and these facts are true and correct.

2.       This declaration is submitted in support of Plaintiff Douglas County School District RE-1's Motion for Attorney's Fees in the above-captioned matter.

3.       I am an associate in the law firm of Caplan & Earnest LLC, located in Boulder, Colorado, and I practice in the Litigation and Health Care Law practice groups.

1

4.      I earned my law degree from the University of Colorado Law School in 2021 and was admitted to practice law in the State of Colorado in the same year.

5.      Before attending law school at the University of Colorado, I earned a bachelor's degree in Environmental Studies from the University of California, Santa Barbara.

6.      While at Colorado Law, I clerked and interned for various private and governmental entities. For example, during the summer after my first year of law school, I interned for Kristen L. Mix, Magistrate Judge for the United States District Court for the District of Colorado. During my third year, I clerked for Caplan & Earnest LLC, which hired me as an associate attorney in 2021.

7.      In October 2021, Kristen Edgar and Elliott Hood asked me to assist them with this lawsuit. I performed a variety of tasks related to this matter, including conducting legal research and drafting pleadings.

8.      My hourly billing rate in this matter was mixed due to my contemporaneous admission to the Colorado bar. My billing rate during the month of October was $120/hour because most of my work during that month was prior to my admission to the Colorado bar. While some of the work I did in October post-dated my admission to the bar, my firm elected to continue my $120/hour rate for the duration of October for consistency and as a courtesy to the client. The limited number of hours I worked on this matter during November were billed at my standard rate of $205/hour. Based upon my background, expertise, skills, and experience, I believe both hourly rates are reasonable.

9.      My hours for this matter are reflected in **Exhibit 1** to the School District's Motion for Attorney's Fees. I have examined **Exhibit 1** and believe that it accurately reflects my work and that my hours are reasonable, fair, and commensurate with the work required for this case.

10.     I am requesting that the Court award attorney's fees for the entirety of my work in this matter, which, as reflected in **Exhibit 1**, total $5,917.00.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this the 2nd day of December 2021.

_____
Travis J. Miller