**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 21-cv-02818-JLK

DOUGLAS COUNTY SCHOOL DISTRICT RE-1,
C.B., by and through his parent and next friend, E.B.,
A.R., by and through his parent and next friend, L.R.,
J.G., by and through his parent and next friend, K.G.,
B.A., by and through her parent and next friend, J.A.,
M.M., by and through her parent and next friend, K.M.,
D.B., by and through his parent and next friend, J.B.,
R.P., by and through her parent and next friend, B.H.,
D.W., by and through his parent and next friend, G.W.,
A.L., by and through his guardian and next friend, C.L.

Plaintiffs,

v.

DOUGLAS COUNTY DEPARTMENT OF PUBLIC HEALTH,
DOUGLAS COUNTY BOARD OF HEALTH,

Defendants.

**REPLY IN SUPPORT OF PLAINTIFF DOUGLAS COUNTY SCHOOL
DISTRICT RE-1'S MOTION FOR ATTORNEY'S FEES AND COSTS**

The Douglas County School District and the individual student Plaintiffs achieved their objective in bringing this lawsuit: a court order enjoining enforcement of Defendants' October 8, 2021 Public Health Order (the "Order" or "PHO") because it was preempted by federal law. By issuing a temporary restraining order (TRO) enjoining enforcement of the PHO as to the School District, this Court materially altered the legal relationship between the Parties—the School District was free to manage its own polices without inference from the PHO—and the Court did so after unambiguously concluding that Plaintiffs would likely succeed on the merits of their

claims. (*See* ECF No. 26, *Or. Granting Mot. For TRO*, at 8-10.) This change in the relationship was then made permanent when Defendants voluntarily amended the Order and exempted the School District—an amendment that is still in force today. Thus, Plaintiffs are a prevailing party and are entitled to their reasonable costs and attorney's fees. *See Kan. Jud. Watch v. Stout*, 653 F.3d 1230, 1236 (10th Cir. 2011).

In their Response brief, Defendants do not contest that Plaintiffs' fees were reasonable and appropriate. In the underlying Motion, Plaintiffs' counsel detailed the hours they expended, their hourly rates, and why the resulting "lodestar" is reasonable. (*See generally*, ECF No. 45, *Mot. for Fees.*) Defendants do not raise any objections to counsel's declarations of reasonableness, nor do they argue that the Court lacks jurisdiction to decide Plaintiffs' Motion. This Court, then, can accordingly presume that Plaintiffs' fees and hours are reasonable.

Despite the fact that Plaintiffs obtained the exact relief they sought, and in turn changed the relationship of the parties, Defendants assert that Plaintiffs are not prevailing parties because: (1) Plaintiffs did not achieve the relief they sought; (2) the TRO merely preserved the status quo; and (3) obtaining a TRO just before the case became moot is not grounds for attorney's fees. (Defs.' Response, ECF No. 50, at 6-14.) These arguments rest upon a misreading of the facts and of the law and should therefore be rejected.

First, Defendants argue that, because the School District has since loosened its masking requirements, Plaintiffs "did not achieve any **lasting relief** . . ." and did not "achieve[ ] the **permanent** and substantial relief they sought[.]" (ECF No. 50, *Response*, 8 (emphasis added).) The appropriate legal standard, however, is not whether there has been permanent relief, but rather whether there has been a "material alteration of the legal relationship of the parties[.]" *Tex.*

*State Teachers Ass'n v. Garland Indep. Sch. Dist. (TSTA)*, 489 U.S. 782, 791-93. This alteration occurs when, as here, the plaintiff "has succeeded on any significant issue in litigation which achieved *some* of the benefit the parties sought in bringing suit." *Id.* (emphasis added). Preliminary injunctive relief "provides relief on the merits when it (a) affords relief sought in the plaintiff's complaint and (b) represents an unambiguous indication of probable success on the merits." *Kan. Jud. Watch*, 653 F.3d at 1238. "[I]f a preliminary injunction satisfies the relief-on-the-merits requirement, the plaintiff qualifies as a 'prevailing party' even if events outside the control of the plaintiff moot the case." *Id.* Under these standards, Plaintiffs are prevailing parties.

Plaintiffs sought a declaration from the Court that the PHO was preempted by federal law and an injunction preventing enforcement of the PHO as it pertains to the School District. This Court, by issuing the TRO, provided the injunctive relief Plaintiffs sought, and it did so upon a determination that "Plaintiffs are likely to succeed on their claims in this case[.]" (ECF No. 26, *Or. Granting Mot. for TRO*, p. 10.) This relief was then made permanent when Defendants voluntarily and unilaterally amended the PHO to exempt the School District, thereby codifying the new legal relationship established by the TRO. As such, the TRO satisfies the relief-on-the-merits requirement and, under Tenth Circuit case law, Plaintiffs are prevailing parties. *See Kan. Jud. Watch*, 653 F.3d at 1238.

Even if the appropriate legal standard required permanent relief, Plaintiffs achieved that, too. The School District sought a declaration that the PHO was preempted by federal law and an injunction preventing Defendants from enforcing it in schools. Following the TRO, Defendants amended the Order and exempted the School District, giving it the relief it sought. That

amendment still stands today—meaning the School District achieved permanent and lasting relief.

Nevertheless, Defendants argue that Plaintiffs did not achieve any relief because, in Defendants' telling, Plaintiffs were not seeking an injunction against Defendants' PHO, but rather a court-ordered universal masking mandate. This assertion is unfounded and ignores the plain language of Plaintiffs' Complaint. Plaintiffs sought to enjoin the PHO so as to manage communicable diseases consistent with School District policy and to comply with federal civil rights laws. (ECF No. 1, *Compl.*, at 9.) This is the relief that the TRO, and subsequent amendment of the PHO, afforded Plaintiffs.

Finally, Defendants' assertion that this lawsuit was not about the PHO but rather about the School District's policies is belied by facts to which Defendants stipulated. (*See* ECF No. 43, Stipulation to Dismiss (Defendants stipulate that they "issued an order amending and superseding" the PHO that exempted the School District and stipulate that the PHO "was the subject of the temporary restraining order issued by this Court on October 26, 2021.").)

Defendants also argue that the TRO merely preserved the status quo and, therefore, Plaintiffs do not qualify as a prevailing party. That is not correct. When Plaintiffs filed suit, the School District was arguably bound by the PHO and, as such, was prevented from managing its communicable disease policy consistent with its policies and as required to meet its obligations under federal civil rights laws; after the TRO, the School District was exempt from the PHO and, accordingly, could manage communicable diseases consistent with its policies and the law. This outcome completely changed the status quo.

In support of their "status quo" assertion, Defendants rely on *Biodiversity Conservation Alliance v. Stem*, 519 F.3d 1226 (10th Cir. 2008). This case does not help Defendants' cause, and actually provides a helpful contrast to the present case. In *Biodiversity*, a conservation group filed suit to enjoin a sale of timber by the U.S. Forest Service. *Id.* at 1227-28. The court granted a preliminary injunction but did not expressly conclude that plaintiff would likely prevail on the merits, only that it had "raised questions going to the merits so serious, substantial, difficult, and doubtful as to make them a fair ground for litigation and thus for more deliberate investigation." *Id.* at 1228. The Forest Service ultimately declined to pursue the timber sale after a forest fire destroyed much of the area. *Id.* The conservation group sought attorneys' fees as the prevailing party, and the district court granted that request. *Id.* at 1228-29. The Tenth Circuit reversed, concluding that the lawsuit itself had not changed the status quo, meaning the lawsuit had not caused the Forest Service to abandon the project, and while the group had obtained a preliminary injunction, the district court had not granted any relief on the merits of the claims and thus had not changed the legal relationship of the parties by court order. *Id.* at 1229-30. That is in stark contrast to this case, where the Court granted a TRO enjoining enforcement of the PHO that, before the TRO, restricted the School District's ability to manage communicable diseases consistent with its policies and as required to meet its obligations under federal civil rights laws. And, unlike in *Biodiversity*, Defendants amended their PHO to exempt the School District from enforcement of the order as a direct result of the TRO. That is a change in the status quo.

Finally, Defendants argue that Plaintiffs are not entitled to their fees because "a party who obtains a restraining order just prior to a case becoming moot" is not a prevailing party. (ECF 50 at 13.) In support of this argument, Defendants rely on a single case from the Seventh

Circuit, *Libby v. Illinois High School Association,* 921 F.2d 96 (7th Cir. 1990). *Libby* is distinguishable. In *Libby*, the plaintiff was a female high school student who wished to play on her school's boys' soccer team. *Id.* at 97-98. The court had previously entered, and later extended, a TRO allowing the plaintiff to play during the regular season, but that TRO did not extend to the Illinois High School Association (IHSA), which sponsored the post-season Boys State Soccer Tournament, because at the time the first TRO was issued the post-season was still nearly two months away. *Id.* In the meantime, the magistrate judge held a four-day preliminary injunction hearing and issued a recommendation that the court grant a preliminary injunction consistent with the original TRO. *Id.* That recommendation was issued the day before the post-season was set to start, however, so the plaintiff moved for another TRO requesting that IHSA be enjoined from preventing the plaintiff from playing in the post-season tournament. *Id.* The court granted the second TRO, stating explicitly that it was not ruling on the magistrate's recommendation for a preliminary injunction or the constitutionality of the defendants' policies, but instead "was merely preserving the status quo as to the other defendants until the parties had a chance to respond to the magistrate's report and recommendation regarding a preliminary injunction against ISHA and she could rule on that report." *Id.* at 99. The next day, the team lost in the opening round of the tournament. *Id.* at 98. After the school fielded a girls' soccer team the following spring, the trial court dismissed the action as moot and then denied the plaintiff's petition for attorney's fees from IHSA. *Id.* On appeal, the Seventh Circuit affirmed the trial court's denial of attorney's fees from IHSA because the trial court failed to make any determination on the merits and instead merely preserved the status quo established by the earlier TRO. *Id.* The fact that the team lost its playoff game, thereby ending the soccer season, was

6

immaterial to the decision. Because the Court here, in contrast to *Libby*, explicitly determined that Plaintiffs were likely to succeed on the merits, *Libby* does not apply.

In the Tenth Circuit, a party who obtains preliminary injunctive relief that materially alters the legal relationship of the parties and is based upon a finding of probable success on the merits is a prevailing party, regardless of whether "events outside the control of the plaintiff moot the case." *Kan. Jud. Watch*, 653 F.3d at 1238.

Contrary to Defendants' assertions, Plaintiffs did not seek a court-ordered mask mandate but, rather, sought declaratory and injunctive relief against the PHO. When this Court determined that Plaintiffs were likely to succeed on the merits of their claims and issued the TRO, it granted the School District the relief it requested.

Therefore, the School District is a prevailing party entitled to its reasonable attorney's fees. And because Defendants do not object to the proposed fees and costs, the Court should order Defendants to pay the costs and fees as requested.

WHEREFORE, Plaintiff Douglas County School District RE-1 respectfully requests that this Court grant the underlying Motion and enter an award of attorney's fees in the amount of **$87,942** and costs of **$8,302.90**.

Respectfully submitted this 4th day of February 2022.

*s/ Travis J. Miller*
Elliott V. Hood, Esq.
John F. Peters, Esq.
Travis J. Miller, Esq.
CAPLAN AND EARNEST LLC
3107 Iris Avenue, Suite 100
Boulder, Colorado 80301
303-443-8010
ehood@celaw.com; jpeters@celaw.com;
tmiller@celaw.com
*Attorneys for Plaintiffs*

7

## CERTIFICATE OF SERVICE

      I hereby certify that on February 4, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Kelly Dunnaway, Deputy County Attorney
Office of the County Attorney
Douglas County, Colorado
kdunnawa@douglas.co.us

Shelley Thompson, Esq.
April Hendricks, Esq.
Burns Figa & Will, P.C.
sthompson@bfwlaw.com
ahendricks@bfwlaw.com

Christopher J. Neumann, Esq.
Robert S. Fine, Esq.
Robert S. Galbo, Esq.
Elisa H. Baca, Esq.
Greenberg Traurig, LLP
neumannc@gtlaw.com
finer@gtlaw.com
galbor@gtlaw.com
bacae@gtlaw.com

Attorneys for Defendants

                                            *s/Shelley McKinstry*
                                            Shelley McKinstry